UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THORY TE, | CASE NO. C16-0987JLR |
| Petitioner, | ORDER GRANTING MOTION TO STAY |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.  INTRODUCTION

On June 24, 2016, Petitioner Thory Te, a federal prisoner, filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015). (Petition (Dkt. # 1).) Respondent United States of America ("the Government") moves to stay these proceedings pending the Supreme Court's ruling on whether *Johnson* applies to the residual clause of Section 4B1.2 of the United States Sentencing Guidelines ("U.S.S.G."). (Mot. (Dkt. # 4).) Mr. Te does not oppose the Government's motion. (*See*

ORDER- 1

*generally* Resp. (Dkt. # 5).)  The court has considered the motion, Mr. Te's response,[1] the relevant portions of the record, and the applicable law.  Being fully advised,[2] the court GRANTS the Government's motion to stay for the reasons stated below.

## II.   BACKGROUND

On July 21, 2014, Mr. Te pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Te*, No. CR14-0210JLR (W.D. Wash.), Dkt. ## 1 (Felony Information), 6 (Plea Agreement); *see also id.*, Dkt. # 10 (Order of Acceptance of Guilty Plea).  Mr. Te and the Government recommended a sentencing guidelines range of 46 to 57 months, consecutive to a recommended 18-month prison term for a violation of supervised release in another case.  The presentence report calculated a guidelines range of 84 to 105 months.  *Id.*, Dkt. # 16 (sealed) (PSR ¶ 71).  The court held Mr. Te's sentencing on January 12, 2015.  *Id.*, Dkt. # 20 (Min. Entry for Sentencing).  The court sentenced Mr. Te to 46 months of imprisonment, consecutive to 18 months' imprisonment for violation of his supervised release, for a total sentence of 64 months.  *Id.*, Dkt. # 21 (Judgment).

On June 24, 2016, Mr. Te filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (*See* Petition.)  Mr. Te contends that he is entitled to a resentencing based on a "true" guidelines range of 27 to 33 months (consecutive to the 18

---

[1] The Government did not file a reply memorandum in support of its motion for a stay.  (*See generally* Dkt.)

[2] No party has asked for oral argument, and the court considers it unnecessary to the disposition of this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

months' imprisonment for violation of his supervised release) . (*Id.* at 4.) On July 1, 2016, the Government filed a motion to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016). (*See* Mot. at 2.) Mr. Te does not oppose the Government's motion because his "likely release date if resentenced would not be affected by the government's requested stay." (Resp. at 1.)

## III. ANALYSIS

### A. Application of *Johnson* to the Sentencing Guidelines

In *Johnson*, the Supreme Court concluded that the residual clause of the Armed Career Criminal Act ("ACCA"), which defines a "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson*, 135 S. Ct. at 2557, 2563. Based on this decision, Mr. Te challenges the residual clause of U.S.S.G. § 4B1.2(a), which is set forth below in italics:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

//

ORDER- 3

U.S.S.G. § 4B1.2(a) (italics added).[3]  Mr. Te contends that the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutional in light of the Supreme Court's conclusion that the ACCA's identically-worded residual clause is unconstitutional.  (Petition at 4-5.)  He argues that his sentence, which he asserts was based in part on enhancements arising from the residual clause, was imposed in violation of the Constitution.  (*See id.* at 5.)

The Government moves to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, No. 15-8544, regarding the application of *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a)(2).  (*See generally* Mot.)  Specifically, the Supreme Court has granted certiorari to determine, in pertinent part, (1) whether *Johnson*'s holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review, and (2) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2).[4]  *See United States v. Trujillo*, No. CR 10-00605 WHA, 2016 WL 3844325, at *1 (N.D. Cal. July 15, 2016) (citing *Beckles*, No. 15-8544).  The Government argues that the court should stay these proceedings because the Supreme Court's ruling in *Beckles* is likely to

---

[3] The court notes that the Sentencing Commission has adopted an amendment to the definition of "crime of violence" in the guidelines, effective August 1, 2016, that deletes the residual clause at § 4B1.2(a)(2).  *See United States v. Grant*, No. 09-CR-01035-PJH-1, 2016 WL 3648639, at *1 (N.D. Cal. July 8, 2016).

[4] The Supreme Court also granted certiorari in *Beckles* to determine whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in the commentary of U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*.  *See United States v. Trujillo*, No. CR 10-00605 WHA, 2016 WL 3844325, at *1 (N.D. Cal. July 15, 2016) (citing *Beckles*, S. Ct. Case No. 15-8544).

ORDER- 4

be dispositive of Mr. Te's petition. (Mot. at 2.) The Government asserts that a "stay is in the interest of judicial economy, since, if the [c]ourt proceeds to decide this motion, the losing party will almost certainly pursue an appeal in light of *Beckles*, thereby generating extra litigation that may well be avoided if the [c]ourt stays the matter pending *Beckles*." (*Id.*)

Mr. Te does not oppose the government's motion to stay because his "likely release date if resentenced," based on a guidelines range of 27 to 33 months, "would not be affected by the government's requested stay." (Resp. at 1; *see also* Petition at 4.)

**B.     Stay of the Proceedings**

A court has discretion to stay proceedings before it. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In deciding whether to grant a stay, the court must evaluate "'the competing interests which will be affected by the granting or refusal to grant a stay.'" *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In the specific context of habeas corpus proceedings, there are "special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. Immigration and Naturalization Service*, 208 F.3d 1116, 1120 (9th Cir. 2000). "[A]lthough considerations of judicial economy are appropriate, they cannot justify [an] indefinite, and potentially lengthy, stay," particularly where the habeas petitioner would suffer "substantial prejudice" from the delay. *Id.* at 1120-21. Thus, a court ruling on a motion to stay a habeas proceeding should consider whether the stay would prejudice the petitioner, whether the length of the stay would be unduly long, and whether the stay would promote judicial economy. *See id.* at 1120-21;

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX*, 300 F.2d at 268).  After considering these factors in the context of Mr. Te's petition, the court grants the Government's motion to stay.

      1.  <u>Prejudice</u>

Most importantly, there is little danger of prejudice to Mr. Te from a stay.  As Mr. Te notes, if he is entitled to resentencing, his new release date would likely not occur before the Supreme Court decides *Beckles*.  (*See* Resp. at 1); *United States v. Roberson*, Case No. 12-cr-00550-PJH-1, 2016 WL 4208435, at *2 (N.D. Cal. Aug. 10, 2016) ("A decision in *Beckles* is expected within a year. . . ."); *but see Knox v. United States*, C16-5502BHS, 2016 WL 3906915, at *2 (W.D. Wash. July 19, 2016) ("[I]t is also unclear when or if the Supreme Court will decide *Beckles*.").  Because Mr. Te's resentencing, if any, would likely result in a release date after the stay is lifted, the danger that he would be unconstitutionally confined during the stay dissipates.  *See, e.g.*, *United States v. Rodriguez*, Case No. 13-20405, 2016 WL 4124096, at *1 (E.D. Mich. Aug. 3, 2016) (granting a stay where there is no indication that a stay would prejudice defendant who is serving a 98-month sentence with an expected release date in 2020).  Mr. Te's case is therefore fundamentally different from a case in which the petitioner's potential new release date would fall during the period of the proposed stay or has already occurred.  *See, e.g.*, *United States v. Hicks*, Case No. 14-cr-00549-EMC-1, 2016 WL 4585750, at *2 (N.D. Cal. Sept. 2, 2016) (denying a stay where the defendant's potential release date if his § 2255 motion is successful had already passed); *Roberson*, 2016 WL 4208435, at *2

(denying a stay where the defendant sought a reduced term of imprisonment that may exceed his time served). Accordingly, Mr. Te will not be prejudiced by a stay.

2. Length of Stay

Further, the stay the Government seeks is not likely to be especially "lengthy," *Yong*, 208 F.3d at 1121, particularly when compared to the remainder of Mr. Te's sentence, even if he is entitled to resentencing. On the one hand, the Supreme Court will not begin to hear oral arguments until October 2016 and has not yet calendared *Beckles*, *see Lilley v. United States*, C16-0410JLR, (W.D. Wash.), Dkt. # 10 (8/16/16 Order) at 6; *but see Roberson*, 2016 WL 4208435, at *2 (noting that "a decision in *Beckles* is expected within a year, [so] the government does not seek an indefinite stay"), so there is little doubt that a stay will last at least several months and perhaps as long as a year. On the other hand, the stay here is not as long as the impermissible stay in *Yong*, which could have lasted for "years." *Yong*, 208 F.3d at 1120. Therefore, the length of the proposed stay does not counsel against granting a stay.

3. Considerations of Judicial Economy

Finally, considerations of judicial economy support granting the Government's motion, particularly where there is no prejudice to Mr. Te. The Supreme Court is posed to answer questions that are potentially dispositive of Mr. Te's petition, namely whether (1) *Johnson*'s holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review, and (2) whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). As the Government points

ORDER- 7

out, "extra litigation . . . may well be avoided" if the court grants a stay until the Supreme Court decides the issues pending in *Beckles*. (Mot. at 2.) While it is possible that the Supreme Court will not issue a clear ruling in *Beckles*, the court at this time has no indication that it will not. *See Knox*, 2016 WL 3906915, at *2 ("[I]t is also unclear when or if the Supreme Court will decide *Beckles*."); *but see Roberson*, 2016 WL 4208435, at *2 ("Unlike the appeal at issue in *Yong*[,] which was subject to further review, the Supreme Court is likely to decide conclusively the question presented in *Beckles* whether *Johnson* applies retroactively to collateral challenges to sentence enhancements applied under the residual clause of the guidelines.").[5] In addition, the court can lift the stay should the Supreme Court not rule fully or timely on *Beckles*. When coupled with the lack of prejudice a stay would impose on Mr. Te, judicial economy supports issuing a stay here.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS the Government's motion for a stay of Mr. Te's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. # 3). The court further ORDERS that the disposition of Mr. Te's 28 U.S.C. § 2255 petition is STAYED until after the Supreme Court issues its decision in *Beckles* or

---

[5] The court notes that the Ninth Circuit recently lifted the stays previously entered in *Gardner v. United States*, No. 15-72559 and *Jacob v. United States*, No. 15-73302 (9th Cir. Aug. 1, 2016), which the government cited in support of the instant motion to stay. (*See* Mot. at 2, n.2; Not. of Supp. Auth. (Dkt. # 8)); *see also United States v. Stewart*, No. 13-CR-00131-PJH-1, 2016 WL 4208799, at *2 (N.D. Cal. Aug. 10, 2016) (noting the Ninth Circuit's recent action in *Gardner* and *Jacob* in support of its order denying a similar motion to stay another 28 U.S.C. § 2255 petition based on *Johnson*). That the Ninth Circuit lifted these stays does not, however, change the court's determination that there is little danger of prejudice to Mr. Te by granting the stay the Government seeks.

until further order from this court. Within seven days of the Supreme Court's decision in *Beckles*, the court ORDERS the parties to file a joint status report informing the court of the decision and its impact on this litigation. The court also ORDERS the parties to file a joint status report within seven days of any other developments in either the *Beckles* case or with respect to Mr. Te's petition that are relevant to the stay. Either party may move to have the stay lifted if circumstances change.

The court further DIRECTS the clerk to strike the noting date for Mr. Te's petition. The court will issue a new noting date for the petition after the stay is lifted.

Dated this 9th day of September, 2016.

*[signature]*

JAMES L. ROBART
United States District Judge